Bissell, J.,
delivered the opinion of the court.
Clearly the only action which can be taken by the court with reference to this case is to dismiss the appeal. It is difficult to understand why the case was brought here, or why it has been allowed to remain on the docket to the present time. It has been repeatedly adjudicated that under the act regulating appeals to the supreme court a final judgment must be entered before there is any right to a review of the proceedings below. This judgment must be a final determination of the controversy between the parties. What comes within this definition is clearly expressed in the decisions on the subject. As was said in Dusing v. Nelson, 7 Colo. 134, “if the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered.” Formalities are not essential to a valid judgment entry, but if the forms usually adopted are not resorted to, there must be some equivalent expression which will indicate that the matter in controversy has been determined, and the entry must appear to be intended as the entry of a judgment. Higgins v. Brown et al., *86 6 Colo. 148; Alvord et al. v. McGaughey, 5 Colo. 244; Stevens v. The Solid Muldoon Printing Co., 7 Colo. 86.
The order entered in this case neither in form, nor in substancé, approaches the definition of a final judgment as expressed by these authorities. It was an order entered on a motion, and neither adjudged the successful party his costs, nor permitted him to depart from the court without day. Under these circumstances, if this were the only question to be considered, it would be decisive of the present appeal.
It is equally clear that under the general rule which requires the entry of a final judgment before a review can be had in an appellate tribunal, the parties are not entitled to a hearing in this court. The action was brought upon a contract against three persons; it was dismissed as to only one of the defendants against whom rights were claimed. So far as can be determined from the record the cause is still pending against Moore’s codefendants in the district court of Pitkin county, and may possibly before this time have proceeded to final judgment. Whether this be, or be not^ true, when judgment is entered in that case an appeal will undoubtedly lie, and there will thus be presented this anomalous condition of affairs: there will be two appeals taken in the same suit to review two different judgments entered in the same action. This is not consistent with the law regulating appellate proceedings. There can be but one judgment in an action from which an appeal will lie. An appeal therefrom will bring up for review all matters occurring during the progress of the litigation, and afford an opportunity to correct whatever errors may have been committed during the progress of the trial. Harrison et al., v. Farnsworth, 1 Heisk. 752; De Lap et al. v. Hunter et al. 1 Sneed, 101; Freeman on Judgments, sec. 28.
Since the cause remained undetermined as to Bracken and Daniel, there could be no final judgment with respect to Moore which would permit an appeal by the unsuccessful party prior to the determination of the entire suit. There is no statute in this state permitting it, and the appeal could *87 neither he properly taken, nor prosecuted to a determination of the question presented by the dismissial of the action as to Moore.
Since the appeal does not lie it will be dismissed, but this judgment will not be taken to conclude the right of the parties to raise the particular question presented in this record, should any appeal be hereafter taken from a final judgment in the case.

Appeal dismissed.